RECEIPT #_____
AMOUNT $ 150.00
SUMMONS ISSUED YES
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE 11/26/03

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF THE COMMONWEALTH OF MASSACHUSETTS

Michael P. Thornton,
   Plaintiff,

v.

Countrywide Home Loans, Inc.,
   Defendant.

CIVIL ACTION NO. :

**03-12398 JLT**

MAGISTRATE JUDGE _____

Now comes the plaintiff, by his attorneys, and file the following complaint:

1.  **Party Plaintiff**

The plaintiff, Michael P. Thornton, resides at 26 Eaton Ct., Wellesley, Massachusetts, and at all relevant times herein, was a resident of the Commonwealth of Massachusetts.

2.  **Party Defendant**

2A.  The Defendant, Countrywide Home Loans, Inc. (hereinafter "Countrywide"), is a corporation licensed under the laws of the State of California. Countrywide has an office at 91 Middlesex Turnpike, Burlington, Massachusetts and conducts business in the Commonwealth of Massachusetts.

## JURISDICTION

3.  The plaintiff's cause of action arises from the defendant (1) transacting business in Massachusetts; (2) contracting to supply and/or sell goods in Massachusetts; (3) doing or causing a tortious act to be done in Massachusetts; and/or (4) causing the consequence of a tortious act to occur within Massachusetts, and the defendant does, or solicits business or engages in a persistent course of conduct or derives substantial revenue from the sale of goods in

Massachusetts.

## FACTS COMMON TO ALL COUNTS

4. On October 11, 2002, Plaintiff and Countrywide entered into a mortgage agreement (hereinafter "Agreement", a copy of which is attached as Exhibit 1), whereby Plaintiff agreed to make certain payments towards principle, interest and escrow in return for property owned by plaintiff.

5. The Agreement provides that the Lender, Countrywide, may collect and hold funds in an amount not to exceed the amount a lender can require under RESPA (see Exhibit 1, page 5).

6. In early September 2003, Plaintiff realized that he had been making excess payments to his mortgage. On September 17, 2003 Plaintiff's representative, Patricia Krippendorf, contacted by telephone Plaintiff's home loan originator, Angie Nunnelley, who informed Ms. Krippendorf that the overage amount was $6,125.88. A follow up email to Ms. Krippendorf from Defendant's representative, Kristy Hall, was sent on that same day stating that if Plaintiff contacted the Branch Support office a refund of $6,125.88 would be sent in two weeks (Attached as Exhibit 2).

7. Plaintiff immediately contacted a representative of Defendant on September 18, 2003, regarding the overage of $6,125.88. A representative of Defendant at the Branch Support office told Plaintiff that the overage amount had decreased, for unexplainable reasons, to $4,997.00. Defendant's representative also told Plaintiff that the reimbursement payment would be mailed to Plaintiff on that day.

8. Two weeks after the date that Defendant promised to reimburse Plaintiff, on October 2, 2003, Plaintiff's representative, Ms. Krippendorf, called Defendant requesting

reimbursement for the overage of his mortgage payment, which was now in the amount of $4,997.00. At that time, Ms. Krippendorf was told that the funds had been placed in an escrow account and would not be released for two weeks.

9. On October 2, 2003, Plaintiff sent Defendant a letter addressing his request for the reimbursement (Attached as Exhibit 3).

10. After again receiving no response, on October 22, 2003, Plaintiff's representative, Ms. Krippendorf, spoke with a representative of Defendant, Thomasina Sanders, who explained that the overage amount in escrow had been used to pay for increases in taxes and insurance rates, and the amount available for reimbursement to Plaintiff was again reduced and was now $4,122.62.

11. At the direction of Plaintiff, on October 27, 2003, Ms. Krippendorf called and left a message with Defendant's representative, Ms. Sanders agreeing to and requesting the reduced reimbursement of $4,122.62. Another telephone call was made by Plaintiff's representative, Ms. Krippendorf, to Defendant's representative, Ms. Sanders on November 6, 2003. These calls were never returned.

12. Then, on November 10, 2003, Plaintiff sent a second letter to Defendant requesting a prompt resolution to the matter of the overage payment (Attached as Exhibit 4).

13. Thereafter, on November 13, 2003, nearly two months after the original request, Defendant sent Plaintiff a letter purporting to be a response to his original letter dated October 2, 2003, stating that a reply to Plaintiff's request would be forthcoming in ten (10) business days (see Attached Exhibit 5).

14. Six days later, on November 19, 2003, Defendant's representative, Ms. Sanders,

sent a second letter to Plaintiff, purporting to be a response to his letter dated October 2, 2003, stating that Plaintiff could receive the reimbursement in the amount of $4,122.62 if Plaintiff would contact Defendant (see Attached Exhibit 6).

15. As outlined herein, Plaintiff's representative and Plaintiff already contacted Defendant requesting the overage by telephone on October 27, 2003 and November 6, 2003 and by letter on October 2, 2003 and November 10, 2003.

## COUNT I

### VIOLATION OF 12 U.S.C. § 2605

16. The plaintiff repeats, realleges, and reavers paragraphs one through fifteen as if expressly set forth fully hereinafter.

17. Pursuant to the 12 U.S.C. § 2605 (e)(1)(A), it was the duty of defendant to respond to borrower inquires within 20 days.

18. Plaintiff made his first written request on October 2, 2003. Defendant did not respond to this letter until November 13, 2003 and that letter merely confirmed receipt of the October 2, 2003 letter and stated that a response would be made within ten business days (see Exhibit 5). To date, Plaintiff has not been reimbursed for the overpayment and thus the account has not been corrected.

WHEREFORE, the Plaintiff demands judgement against the defendant in an amount of $4,122.62; plus interest, costs, and attorneys' fees to the Plaintiff; and award such other relief as this Court deems just and proper.

## COUNT II

### VIOLATION OF 12 U.S.C. § 2609

19. The plaintiff repeats, realleges, and reavers paragraphs one through eighteen as if expressly set forth fully hereinafter.

20. Pursuant to the 12 U.S.C. § 2609 (a)(1), the Defendant cannot require the Plaintiff to deposit in any escrow account an aggregate sum in excess of a sum that will be sufficient to pay such taxes, insurance premiums and other charges.

21. Plaintiff's overage mortgage payment was intentionally placed by Defendants into an escrow account. Defendants then made reductions from this overage for taxes and insurance premiums. Defendants have failed and refused to reimburse Plaintiff for the excess of $4,122.62, remaining in the escrow account.

WHEREFORE, the plaintiff demands judgment against the defendant in the amount of $4,122.62 and a penalty in accordance with 12 U.S.C. § 2609 (d)(2)(A) in the amount of $100.

## COUNT III

## BREACH OF CONTRACT

22. The plaintiff repeats, realleges, and reavers paragraphs one through twenty-one as if expressly set forth fully hereinafter.

23. Under the Agreement entered into between the Defendant and Plaintiff, the parties agreed to certain uniform covenants.

24. Pursuant to the covenant for Funds for Escrow Items (See Exhibit 1, page 5), Defendant agreed to collect and hold funds only for the appropriate escrow purposes and in an amount not to exceed applicable federal law.

25. Defendants breached said covenant by depositing the excess funds of Plaintiff into an escrow account, in violation of the stated terms of the Agreement and in violation of

federal law.

WHEREFORE, the plaintiff demands compensatory damages, plus interest and costs.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

WHEREFORE, the Plaintiff prays:

1. That judgement enter against the Defendant on Counts I - III of this Complaint;

2. The Plaintiff be awarded full, fair and complete compensation for which he is legally entitled;

3. That Plaintiff be awarded all appropriate costs, attorney's fees and interest authorized by law; and

4. That the court enter such other relief as is determined just and appropriate.

Respectfully submitted,

*/s/ Michael P. Thornton*

Michael P. Thornton
(BBO # 497390)
THORNTON & NAUMES, LLP
100 Summer Street, 30th Fl.
Boston, MA 02110
(617)720-1333

DATED: