UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JAN 20 P 3: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MICHAEL P. THORNTON,<br><br>Plaintiff,<br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC.,<br><br>Defendant. | C.A. No. 03-12398-JLT |

## ANSWER TO COMPLAINT

Countrywide Home Loans, Inc. ("Defendant"), by and through its undersigned counsel, for its Answer to the Complaint of Plaintiff, Michael P. Thornton, hereby states as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2A. Defendant admits the allegations contained in the first sentence of paragraph 2A of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 2A of the Complaint.

3. Paragraph 3 of the Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent responsive pleading is required, Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint insofar as Plaintiff alleges the existence of a mortgage between Plaintiff and Defendant. Defendant further states that the document speaks for itself and constitutes the best evidence of

its terms. Except as expressly admitted herein, Defendant denies the allegations in paragraph 4 of the Complaint.

5. In response to the allegations contained in paragraph 5 of the Complaint, Defendant states that the document speaks for itself and constitutes the best evidence of its terms.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 6 of the Complaint. Defendant admits an email was sent to Mrs. Krippendorf and Defendant further states that the document speaks for itself and constitutes the best evidence of its terms. Except as expressly admitted herein, Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint in so far as Plaintiff alleges that a letter dated October 2, 2003 was transmitted by Plaintiff to Defendant. Defendant further states that the document speaks for itself and constitutes the best evidence of its terms. Except as expressly admitted herein, Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint insofar as Plaintiff alleges the occurrence of a conversation on October 22, 2003 between Plaintiff's representative, Mrs. Krippendorf, and Thomasina Sanders. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in paragraph 12 of the Complaint in so far as Plaintiff alleges that a letter dated November 10, 2003 was transmitted by Plaintiff to Defendant. Defendant further states that the document speaks for itself and constitutes the best evidence of its terms. Except as expressly admitted herein, Defendant denies the allegations in paragraph 12 of the Complaint.

13.     Defendant admits the allegations contained in paragraph 13 of the Complaint insofar as Plaintiff alleges the existence of a letter dated November 13, 2003 from Defendant to Plaintiff. By way of further answering, a check in the amount of $4,122.62 was mailed to Plaintiff on November 21, 2003, and Defendant's records indicate that the check was cashed on December 5, 2003. Except as expressly admitted herein, Defendant denies the allegations in paragraph 13 of the Complaint.

14.     Defendant admits the allegations contained in paragraph 14 of the Complaint insofar as Plaintiff alleges the existence of a letter dated November 19, 2003 from Defendant to Plaintiff. Defendant further states that the document speaks for itself and constitutes the best evidence of its terms. Except as expressly admitted herein, Defendant denies the allegations in paragraph 14 of the Complaint.

15.     Defendant admits the allegations contained in paragraph 15 of the Complaint insofar as Plaintiff alleges that he contacted Defendant through letters dated October 2, 2003 and November 10, 2003. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint.

4

## COUNT I

16.     In response to the allegations contained in paragraph 16 of the Complaint, Defendant incorporates herein by reference as if fully set forth the responses contained in paragraphs 1 through and including 15 of this Answer.

17.     Paragraph 17 of the Complaint constitutes a conclusion of law to which no responsive pleading is required.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint.

## COUNT II

19.     In response to the allegations contained in paragraph 19 of the Complaint, Defendant incorporates herein by reference as if fully set forth the responses contained in paragraphs 1 through and including 18 of this Answer.

20.     Paragraph 20 of the Complaint constitutes a conclusion of law to which no responsive pleading is required.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

## COUNT III

22.     In response to the allegations contained in paragraph 22 of the Complaint, Defendant incorporates herein by reference as if fully set forth the responses contained in paragraphs 1 through and including 21 of this Answer.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint. Defendant further states that the document speaks for itself and constitutes the best evidence of its terms.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint. Defendant further states that the document speaks for itself and constitutes the best evidence of its terms.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Count II of the Complaint is barred because 12 U.S.C. § 2609 does not provide for a private right of action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring an action under 12 U.S.C. § 2609.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of payment.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of accord and satisfaction.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred for failure of Plaintiff to allege any damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of estoppel.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of waiver.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of release.

5

WHEREFORE, Countrywide Home Loans, Inc. requests that this Court:

(a) Enter judgment in favor of Countrywide Home Loans, Inc. and dismiss with prejudice the Complaint against Countrywide Home Loans, Inc.;

(b) Award Countrywide Home Loans, Inc. its reasonable attorneys' fees and costs; and

(c) Award such other relief as is just and proper.

**COUNTRYWIDE HOME LOANS, INC.**

By its Attorneys,

Angel Taveras (BBO # 635526)
BROWN RUDNICK BERLACK ISRAELS LLP
121 South Main Street
Providence, Rhode Island 02903
(401) 276-2600
(401) 276-2601 Fax

Date: January 16, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of January 2004, I served a true copy of the within Answer, by first class mail, postage prepaid, upon:

Michael P. Thornton, Esq.
THORNTON & NAUMES, LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Angel Taveras

#50205319 v\1 - taveraa - w2_701!.doc - 23579/3